UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALFRED JOSEPH,

                     Plaintiff,

               -against-

THE STATE OF NEW YORK; AMSTERDAM, NEW YORK; THE NETHERLANDS; THE INTERNATIONAL COURT OF JUSTICE,

                     Defendants.

22-CV-10942 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question and diversity jurisdiction. He seeks to enforce his "inalienable right to a better life experience." (ECF 2 at 2.). By order dated December 29, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Twombly*, 550 U.S. at 544; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff Alfred Joseph brings this suit against the State of New York; the International Court of Justice (ICJ); Amsterdam, New York; and the Netherlands. Plaintiff states that his

claims arose on October 8, 2008, September 7, 2009, and October 8, 2010, and that the place of occurrence is "C-Span; Congress; ICJ."[1] (*Id.* at 5.)

Plaintiff alleges that the following occurred in July 2005:

> [H]e won a post-conviction relief settlement . . ., which was laundered away from [him] by the Farrel Gros 'Gros Corporation' in the Napoleonville, Louisiana's 23rd Judicial District Courtroom under Judge Alvin Turner, Jr. and the late att. Timothy Barbier, wh[o] wrongfully subjected [him] to further ineffective assistance of coun[sel] by rehearing [his] postconviction hearing in the same criminal court which tried [him] while under the intoxication instead of allowing [him his] recognizance bond to continue [his] pursuit of justice in the civil court of the First Circuit Court of Baton Rouge, Louisiana, where the next step in jurisdiction [is] required.

(*Id.*)

Plaintiff states that he was held in custody in Angie, Louisiana, and on the first night that he was detained in the facility, Washington Parish Sheriff Tyler Self attempted "to murder" him. (*Id.* at 6.) Plaintiff grieved this matter and was released and "granted relief which was once again laundered by the Louisiana Governor Piyush Bobby Jindal." (*Id.*)

Plaintiff has suffered trauma and alleges that he has "almost been killed numerous times," has "had head trauma," "almost lost an eye," and has "been tortured and beat[en] with foreign objects." (*Id.*)

Plaintiff seeks payment of "all inputs and outputs of the United Nation[s] governance" since 2008. He also seeks to "settle" the assets that he "won when the United States first went in deficit to China, [which] intercepted [his] child rebate credits." (*Id.*) He further contends that "when the real estate stock market crashed Sept. 2008 – Sept. 2009, [his child tax credits were] again paid to India and the "Piyush Bobby Jindal," Baton Rouge, Louisiana Governmental

---

[1] Plaintiff adds in the margins, regarding the place of occurrence, "Texas, Las Vegas, Nevada, Singapore, Austria, Louisiana, New York, Spain, Florida, Kansas State, Japan, Mexico, Europe." (ECF 2 at 5.)

administration wrongfully while [he] was illegally incarcerated and laundered out of [his] international court of justice award settlements once again." (*Id.*)

## DISCUSSION

Even when the complaint is read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court concludes that there is no legal theory on which Plaintiff can rely, *see Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Defendants State of New York, the ICJ, and the Netherlands are immune from suit on Plaintiff's claims. Plaintiff does not plead any facts about Defendant "Amsterdam, New York," in the body of his complaint. Moreover, with the exception of Plaintiff's claims of excessive force, his factual assertions are not plausible.

Insofar as Plaintiff asserts claims for many different injuries that he suffered over the years in Louisiana more than a decade ago, he has not named as a defendant in this action any individual who was personally involved in violating his rights. The Court dismisses these claims without prejudice to Plaintiff's refiling them in an appropriate venue, and dismisses the remaining claims under 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses without prejudice Plaintiff's claims for injuries that he suffered in Louisiana more than a decade ago and dismisses his remaining claims under 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:   January 13, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge